# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ALVIN RANDY PIERCE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:10-CV-3427-VEH-JEO |
| | ) |
| **ETOWAH COUNTY,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

The Magistrate Judge filed a Report and Recommendation on March 4, 2011, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 11.) The plaintiff has filed objections (doc. 12), as well as a motion for leave to add additional defendants (doc. 13) and for additional evidence (doc. 14).

In his objections, the plaintiff complains that absolute immunity for judges is unfair; that by allowing county judges to repeatedly ignore due process and the rights of the accused, the county and county commission are de facto making the judge's actions a county policy and custom; that he intended to sue Sheriff Todd Entrekin in both his individual and his official capacities; and the statute of limitations does not bar the portion of his complaint regarding a plea he entered on June 9, 2009, while

under duress.

After review of his objections, and for the reason presented herein, the court finds they are without merit.

First, it is well settled that judges are not subject to liability for money damages for actions committed within their jurisdiction. Absolute immunity is designed to free the judicial process from the harassment and intimidation associated with litigation. *Burns v. Reed*, 500 U.S. 478 (1991). Besides protecting the finality of judgments or discouraging inappropriate collateral attacks, judicial immunity also protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1872). Therefore, the dismissal of Judge Allen Millican and Judge David A. Kimberly is appropriate, as is the denial of the plaintiff's motion to add an additional state court judge as a defendant.

Second, the plaintiff has not pled facts establishing (if proven) that a policy statement, ordinance, regulation, or decision adopted by Etowah County and the Etowah County Commission has caused him to suffer a constitutional deprivation. Therefore, the dismissal of the plaintiff's claims against Etowah County and the Etowah County Commission is also appropriate.

Finally, to the extent the plaintiff seeks to proceed against Sheriff Entrekin in

his individual capacity, it is unclear upon what grounds the plaintiff seeks to sue the sheriff. The plaintiff does does not allege that Entrekin personally violated any of his constitutional rights. The court can only surmise that the plaintiff attempts to implicate Sheriff Entrekin through the concept of respondeat superior. However, the doctrine of respondeat superior is unavailable in actions brought under § 1983. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-92 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). Absent some allegation that Sheriff Entrekin knew of, sanctioned, participated in, or was otherwise "affirmatively linked" to the constitutional violations complained of, a claim against Defendant Entrekin based on the actions of his subordinates is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmer v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985). Moreover, to the extent the plaintiff is attempting to allege that Entrekin violated his rights by denying him adequate medical care, not only does the complaint fail to allege that Entrekin personally violated his rights, but he also admittedly failed to exhaust any such claims. (See Doc. 1 at 2). Accordingly, the dismissal of Defendant Entrekin is appropriate.

The plaintiff also seeks leave to add defendants and present additional evidence. He first seeks to name his defense counsel as a defendant. It is well settled that an attorney representing a defendant in a criminal case does not act "under color

of state law" and therefore cannot be liable in an action brought under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Skipper v. Brummer*, 598 F.2d 427 (5th Cir. 1979); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978). Therefore, that request is due to be denied. Second, the plaintiff seeks leave to add Scott Hassell, Chief of Corrections at ECDC, as a defendant. He contends that Hassell "is responsible for housing, bonds, and records of inmates held in ECDC and should be held responsible when an inmate is held unconstitutionally." (Doc. 13 at 2). The plaintiff has failed to state a claim against Hassell, and therefore his motion to amend is also due to be denied to the extent that he seeks to add Hasssell as a defendant.

    The plaintiff also seeks to add the following evidence: (1) a copy of a used envelope which the plaintiff tried to use to send legal mail, which was returned for lack of postage; (2) a copy of the plea agreement; (3) orders and paperwork concerning the time he has served and should receive credit for; and (4) a case docket which he contends shows that he was sentenced in violation of double jeopardy. None of that purported evidence establishes that the plaintiff's constitutional rights were violated by the defendants. To the extent plaintiff is seeking to receive all proper credit for the time served, the plaintiff's claim would necessarily be a challenge to "the fact or duration of his confinement," for which he must seek habeas corpus relief after exhausting the claims in state court. *Preiser v. Rodriguez*, 411 U.S.

475, 482, 489 (1973) (holding that a § 1983 action will not lie when a state prisoner challenges "the fact or duration of his confinement" and seeks either "immediate release from prison," or the "shortening of his term of confinement."); *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Accordingly, this action is therefore due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2), and the Motions for Leave to Add Additional Defendants (doc. 13) and Evidence (doc. 14) are due to be denied. An appropriate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this order upon the plaintiff

**DONE** this the 25th day of May, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge